# EXHIBIT 5

# modo law

Rimôn Law
Attn. Mark Lee
2029 Century Park East, Suite 400N
Los Angeles, CA 90067


BY EMAIL:         mark.lee@rimonlaw.com


RE:               JOCELYN BUNDY v. NIRVANA, L.L.C. ET AL. || CEASE & DESIST LETTER


                                                            February 19, 2021


Dear Mr. Lee,

I represent Jocelyn Bundy, granddaughter and sole heir of the English author Charles Wilfrid Scott-Giles.

As you came to learn in the "Happy Face" cases, C.W. Scott-Giles is the creator of what you have labeled the "Seven Circles of Hell" illustration that adorns records, t-shirts, hoodies, key chains and a variety of other merchandise sold by your client Nirvana, L.L.C. in concert with Silva Artist Management, L.L.C. and Live Nation Merchandise, L.L.C.

From your filings in those cases, we understand that Nirvana alleges, *inter alia*, that this illustration (if not created by Kurt Cobain) is in the public domain, and that your client is, therefore, entitled to use it without permission or compensation. I do not share your client's view, and neither does Ms. Bundy, who now owns and controls the copyright in the work and who, up until a few weeks ago, was unaware of your client's unauthorized use.

Nirvana has been doing business around the globe for more than three decades now, through professional vendors and assisted by an army of lawyers and managers. As such, it should be fully aware that the term of copyright protection in most countries where it is marketing its merchandise runs until 70 years after the death of the author. This is certainly the case in the United Kingdom, where the "Seven Circles of Hell" illustration was created and first published (the official title being "Upper Hell"). And, more importantly, this is also the case in the U.S.

As you likely know, the situation is governed by the rule set forth in *Twin Books Corporation v. the Walt Disney Co.*, 83 F.3d 1162 (9th Cir. 1996). As a foreign work that was first published abroad without a U.S.

MODO LAW • 4218 Via Padova • Claremont, CA 91711
+1 424-832-6118 • inge.debruyn@modo-law.com
www.modo-law.com

copyright notice, the "Upper Hell" illustration never passed into the public domain and is protected by U.S. copyright under 17 U.S.C. § 303(a) for the life of the author plus 70 years thereafter.

C.W. Scott-Giles died on February 8, 1982. Therefore, the illustration is protected by copyright until 2052, both in the U.S. and in most other countries where your client is selling its goods.

So, Nirvana's public domain defense to justify its unauthorized use of the "Upper Hell" illustration is unavailing. Moreover, it seems to have only been advanced as an alternative theory, while in court filings as recent as a few weeks ago in one of the "Happy Face" cases, you continue to pass off the image as having been created by Kurt Cobain. While the moral right of paternity may not mean much in this country, other countries hold a very different view.

Please accept this letter as notice that Ms. Bundy intends to fully enforce the copyright in the "Upper Hell" illustration against infringers, and objects to any and all unlicensed exploitations of the illustration by Nirvana or its agents, in the U.S. and abroad. Specifically, Ms. Bundy will fully enforce the copyright in the illustration against Nirvana's use of the protected work on t-shirts, sweatshirts, hoodies, hats, magnets, key fobs, coffee mugs, patches, albums and any other items that we may still encounter in the market.

Notwithstanding the willful nature of Nirvana's infringement and its systematic efforts to profit from the intellectual property of others without permission or compensation, Ms. Bundy is still prepared to try to resolve this matter amicably, provided that your client cooperates fully.

We therefore request in first instance that Nirvana, L.L.C.:

a) immediately **cease and desist** from all further production, reproduction, licensing, distribution, display, and sale of any and all materials bearing the Upper Hell illustration or an image substantially similar thereto;
b) provide Ms. Bundy with a **full accounting** of all copies sold, licensed, or otherwise distributed and all gross proceeds derived therefrom since the start of the infringement.
c) **Identify all online and retail outlets** carrying Nirvana's infringing products.

If Nirvana is interested in resolving this matter prior to litigation, we ask that you promptly provide us with written confirmation that your client will comply with these demands and that you, or someone else on behalf of your client, contact me within the next 7 business days to discuss a retroactive license and payment.

If we do not receive a satisfactory response by the close of business on March 2, 2021, Ms. Bundy will have no choice but to seek judicial intervention of the federal courts and take all steps necessary to protect her rights, without further notice to Nirvana. This includes filing a Complaint for willful copyright infringement, a first draft of which you can find attached.

MODO LAW • 4218 Via Padova • Claremont, CA 91711
+1 424-832-6118 • inge.debruyn@modo-law.com
www.modo-law.com

This letter and the draft Complaint are not an exhaustive statement of all the relevant facts and law, and Ms. Bundy expressly reserves the right to revise the draft as she deems necessary, and to add as Defendants any and all individuals or entities that have induced, facilitated or otherwise assisted your client in any way to perpetuate the infringement of the exclusive copyrights in the illustration. Ms. Bundy also reserves all of her equitable and legal rights and remedies, including the right to seek injunctive relief and recover monetary damages.

The original dyeline of the illustration is still in Ms. Bundy's possession. An authentic copy of it is attached to this letter. Subject to confidentiality, I can also provide you with true and correct copies of the wills that establish Ms. Bundy's ownership.

Please advise if you will also be representing Silva Artist Management, L.L.C. and Live Nation Merchandise, L.L.C. in this matter.

I trust that you will also alert your client(s) that this letter puts them on notice that litigation regarding copyright infringement of the Upper Hell illustration is likely, that they have a duty to preserve all evidence within their control that may be relevant to the pending litigation, and that they should notify their employees and agents of this retention request immediately.

That said, we remain hopeful that we can resolve this dispute short of litigation.

All rights reserved.


Sincerely,

Inge De Bruyn

MODO LAW • 4218 Via Padova • Claremont, CA 91711
+1 424-832-6118 • inge.debruyn@modo-law.com
www.modo-law.com

VESTIBULE – THE FUTILE

RIVER – ACHERON

Charon

CIRCLE I – LIMBO

CIRCLE II – THE LUSTFUL

CIRCLE III – THE GLUTTONOUS

CIRCLE IV – THE HOARDERS AND THE SPENDTHRIFTS

CIRCLE V – THE WRATHFUL

CITY OF DIS

TOWER    MARSH OF STYX

SPRING

Cerberus

Minos

CASTLE

Pluto

THE UNBAPTISED AND THE VIRTUOUS PAGANS