# EXHIBIT 8

RIMÔN LAW
www.rimonlaw.com

March 12, 2021

**VIA ELECTRONIC MAIL**
inge.debruyn@modo-law.com

Inge De Bruyn
Modo Law
4218 Via Padova
Claremont, California 91711

      Re:    *Jocelyn Bundy v. Nirvana, L.L.C., et al.* Cease & Desist Letter

Dear Ms. De Bruyn:

      Thank you for clarifying that your client is basing her copyright infringement claim on the URAA. If we had known that was the basis of her claim, we could have included the following in our first letter because, for the reasons stated below, your client cannot file a meritorious copyright infringement claim against Nirvana for its use of the Scott-Giles image on the Nirvana "Seven Circles of Hell" t-shirt under the URAA, either. That is so for several reasons.

      First, the Scott-Giles illustrations that appeared in Dorothy L. Sayers' translation of the "Divine Comedy" in 1949 is not subject to the URAA. The URAA only applies to "restored works," and its definition of "restored works" excludes "works published in the US within 30 days after its initial foreign publication." 17 U.S.C. § 104A(h)(6) (defining "restored work"). Here, every indication is that the US publication of the "Divine Comedy" occurred within 30 days of its initial UK publication, and therefore is specifically excluded from the URAA. Do you have any evidence demonstrating that the US and UK publications of the Divine Comedy were more than 30 days apart? If not, the URAA is irrelevant on this basis.

      Second, the URAA does not apply to your client if, as appears from presently available evidence, W.C. Scott-Giles did not own the copyright in those illustrations, on either a work-made-for-hire or assignment basis. As described in our previous letter, Mr. Scott-Giles never claimed any copyright notice in his "maps and drawings" in any of the U.S. publications of that work during the 72-year publishing history of that work, while "Divine Comedy" translator Dorothy L. Sayers did. Do you have any evidence supporting Mr. Scott-Giles's claim to copyright in those illustrations, and any chain-of-title evidence demonstrating that your client's current ownership of those illustrations from Mr. Scott-Giles? If not, the URAA is irrelevant on this basis as well.

      Third, your client could not successfully sue Nirvana for copyright infringement even if she could prove her ownership of those illustrations and that the URAA applied to them, because

of statutory restrictions within the statute itself. Nirvana qualifies as a "reliance party" under the URAA, since it began using the "Seven Circles" image when it was undisputedly in the public domain for copyright purposes in 1989, before the enactment of the URAA in 1994. 17 U.S.C. § 104A(h)(4). A copyright infringement action can only be commenced against a "reliance party" like Nirvana after a "Notice of Intent to Enforce" the copyright at issue ("NIE") has either been filed with the Copyright Office or served on the reliance party. No such NIE has ever been filed or served. A search of the Copyright Office database reveals that no such NIE has been filed with the Copyright Office by your client, and your earlier demand letter does not qualify as an NIE because it does not include all of the information the statute requires. 17 U.S.C.A. § 104A(e)(2)(B). After a statutorily compliant NIE is sent under the URAA, the copyright owner must wait 12 months to file suit, and can only recover for infringements occurring after that 12 month period. 17 U.S.C.A. § 104A(d)(2)(A). Finally, a copyright owner can never sue for copyright infringement against the creators of "existing derivative works" like Nirvana, and can only seek reasonable compensation for uses that continue 12 months after service of an NIE. 17 U.S.C. § 104A(d)(3). A URAA copyright owner who files suit for copyright infringement without complying with these provisions is precluded from recovery. *Hoepker v. Kruger*, 200 F. Supp. 2d 340 (S. D. N.Y. 2002) (dismissing URAA copyright infringement suit for failure to comply with the NIE and other provisions of the statute.)

Here, although it is not legally required to do so, Nirvana has elected to cease distribution of the "Seven Circles" t-shirt within 12 months of receipt of you first letter concerning this matter. That makes liability for copyright infringement under the URAA impossible. *Hoepker v. Kruger*, supra.

We caution you that we continue to view the filing of any copyright infringement suit on behalf of your client in connection with this matter sanctionable conduct in these circumstances, and should you proceed to file such a suit, we reserve all rights to seek sanctions under Rule 11 of the Federal Rules of Civil Procedure and to file suit against you and your client for malicious prosecution. Govern yourselves accordingly.

Sincerely,

RIMON, P.C.

Mark Lee

MSL:CL

2 | PAGE