# EXHIBIT 9

# modo law

Rimôn Law
Attn. Mark Lee
2029 Century Park East, Suite 400N
Los Angeles, CA 90067

**BY EMAIL:**         mark.lee@rimonlaw.com

**RE:**         **JOCELYN BUNDY v. NIRVANA, L.L.C. ET AL. || CEASE & DESIST**
              **REPLY TO YOUR EMAIL/LETTER DATED MARCH 12, 2021 (RECEIVED MARCH 16, 2021)**

March 24, 2021

Dear Mr. Lee,

It appears from your last letter that you are misreading or misunderstanding my previous letters as well as the draft Complaint attached thereto.

I believe that it is clear from those documents that my client is not basing her copyright infringement claim on the U.R.A.A., but on governing precedent in the Ninth Circuit, which you continue to ignore. Under that precedent, the Upper Hell illustration never fell into the public domain and is protected under 17 U.S.C. § 303(a).

To the extent that <u>your client</u> is alleging public domain status of the work, I merely pointed out, for the sake of argument, that, even if the illustration had fallen into the public domain for non-compliance with U.S. formalities – which we refute – any public domain theory still lacks merit, because copyright in it would have long been restored.

Also, insofar as the burden of proof regarding the absence of a simultaneous U.S. publication of the illustration in 1949 would be on my client in such a scenario – which it is not – she could, in fact, deliver such proof.

Further, under the same hypothesis, I do not see on what basis your client believes that it would qualify as a reliance party in the sense of 17 U.S.C. §104(A). Here also, the burden of proving reliance status would be on your client, who did not even exist yet as a legal entity in 1996 when copyright would have been restored, and who demonstrably did not rely on any alleged public domain status of the illustration when it started using the image in 1997, but on false claims of authorship and ownership. This is sufficiently evidenced by

MODO LAW, P.C. • 4218 Via Padova • Claremont, CA 91711
+1 424-832-6118 • inge.debruyn@modo-law.com
www.modo-law.com

statements made by your client's officers, agents, and counsel in the *Marc Jacobs* action and by the false copyright notices affixed to the illustration throughout the years by the band and people acting on its behalf.

Moreover, I also have reason to believe that, long after January 1, 1995, your client has made warranties, promises, or guarantees to third parties that it owns the copyright in the Upper Hell illustration and/or that their use of the image would not infringe on anyone's copyright. Had your client actually relied on the alleged former public domain yet long restored copyright status of the illustration, it would have known better than to offer such warranties.

Finally, no hypothetical former U.S. public domain status would shield your client from liability for its infringing activities in all other countries that are members of the Berne Convention and where copyright formalities have long been abolished. While your client's wrongful conduct in those countries was also part of our request to cease and desist, it remains substantially unaddressed.

Please be advised that I am currently revising the draft Complaint to specifically include your client's infringements abroad, which seem to be concentrated in the U.K. and Germany. We will be asking the U.S. District Court to exercise jurisdiction over those claims as well, pursuant to *London Film Productions v. Intercontinental Comm.*, 580 F. Supp. 47 (S.D.N.Y. 1984) and *Armstrong v. Virgin Records*, Ltd., 91 F. Supp. 2d 628, 637 (S.D.N.Y. 2000). Therefore, you may wish to also review your client's liability under U.K. and German copyright laws and under the national laws of any other countries in which your client is selling or licensing these products. I believe that you will find that the illustration is still very much protected by copyright in nearly all of these countries.

As a repeat note, I would also appreciate it if we could move this matter forward based on legal principles rather than intimidation. Thank you.

All rights reserved.

Sincerely,

Inge De Bruyn

MODO LAW, P.C. • 4218 Via Padova • Claremont, CA 91711
+1 424-832-6118 • inge.debruyn@modo-law.com
www.modo-law.com