# EXHIBIT 10

**RIMÔN LAW**
www.rimonlaw.com

March 29, 2021

**VIA ELECTRONIC MAIL**
inge.debruyn@modo-law.com

Inge De Bruyn
Modo Law
4218 Via Padova
Claremont, California 91711

Re:  *Jocelyn Bundy v. Nirvana, L.L.C., et al.* Cease & Desist Letter

Dear Ms. De Bruyn:

This letter responds to your correspondence dated March 24, 2021 concerning the above matter.

First, I note that your letter did not provide any of the evidence we requested to support your client's claims that W.C. Scott-Giles, as opposed to Dorothy L. Sayers, ever owned any copyright interest in the illustrations contained in the 1949 edition of Ms. Sayers' translation of the *Divine Comedy*. Nor does you letter provide any evidence that your client now owns whatever interest she believes Mr. Scott-Giles owned in those illustrations. If you cannot show that Ms. Bundy has any ownership interest in the image at issue, she has no basis to claim such rights on any basis. Until and unless you provide evidence to support your client's ownership claims, there is no basis for us to continue our discussions.

Second, I note that your letter provided no evidence that Sayers' 1949 translation of the *Divine Comedy* was published in the US more than 30 days after it was published in the UK in 1949. If you have any such evidence, please provide it. If you do not, that edition of the *Divine Comedy* containing the "Seven Circles" illustration is not subject to the URAA, and remains in the public domain under US law.

Third, although your letter purports to dispute that the 1949 edition of Ms. Sayers' translation of the *Divine Comedy* is in the public domain for failure to comply with US copyright law's registration requirements, you provide no evidence of any such compliance. Our own review of Copyright Office records confirms that there was no such compliance, and if it ever had copyright protection under US law, the Sayers' translation of the *Divine Comedy* fell into the public no later than 1977 for the reasons stated at length in my first letter to you on this subject. If you have any evidence that this is incorrect, and that it was registered for copyright and was protected by US copyright law, please provide it. Otherwise, we see no basis to dispute that claim, either. And incidentally, the 1977 public domain status of the *Divine Comedy* means it is

not subject to 17 USC § 302 as you have previously argued, and is why the unidentified "binding" Ninth Circuit authority you have previously invoked is inapplicable.

Fourth, we find your attempt to dispute the date Nirvana began using the public domain "Seven Circles" image on its t-shirt before enactment of the URAA unpersuasive, if not obtuse. Nirvana existed as a partnership under Washington law when Kurt Cobain created and Nirvana began selling the "Seven Circles" t-shirt in 1989, and under that Washington law, the Nirvana partnership continued to exist after Kurt Cobain's death until such time as its assets were transferred to and it was succeeded by Nirvana, LLC in 1997. Nirvana continuously sold its "Seven Circles" t-shirt during that entire time. Nirvana, LLC therefore stands in the shoes of and succeeded to the rights of the Nirvana partnership, and qualifies as a "reliance party" under the URAA under applicable law. See, e.g., *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 130 (2d Cir. 2007) (successor entity could acquire "reliance party" status from predecessor entity). As such, a meritorious claim for copyright infringement against it under the URAA is impossible for the reasons stated at length in our previous letter.

Finally, we find your threats of copyright infringement claims under the laws of the United Kingdom, Germany, or other foreign countries unpersuasive. You have not provided us with evidence to support a viable copyright infringement claim under US law, and absent a viable US claim, a US court is unlikely to accept jurisdiction to resolve such exclusively foreign disputes. Many courts have not done so in analogous circumstances. See, e.g., *X17, Inc. v. Hollywood, TV, Inc.*, 2008 WL 4527865 (C.D. Cal 2008) (court declines to exercise jurisdiction over claims of copyright infringement in the United Kingdom under English law); *ITSI T.V. Prods., Inc. v. California Authority of Racing Fairs*, 785 F. Supp. 854 (E.D.Cal.1992) court found "no clear authority" to consider copyright claims under foreign law, and stated that "American courts should be reluctant to enter the bramble bush of ascertaining and applying foreign law without an urgent reason to do so[,]"); *Music Sales Ltd. v. Charles Dumont & Son, Inc.*, 2009 WL 3417446, at *5, (D.N.J. Oct. 19, 2009) (court declined to consider foreign copyright claim because it had "no power to vindicate violations of British law").

We continue to believe that filing a copyright infringement action against Nirvana for the reasons stated in your letters is sanctionable for these reasons, and we reserve all rights to pursue claims against you and your clients if you bring such claims for the reasons stated above and in our previous letters.

Sincerely,

RIMON, P.C.

Mark Lee

MSL:CL

2 | PAGE