# EXHIBIT 15



**VIA EMAIL ONLY (INGE@MODO-LAW.COM)**
Modo Law
Attn: Ms. Inge De Bruyn
4218 Via Padova
Claremont, California 91711

      Re:    *Jocelyn Bundy v. Nirvana, L.L.C., et al.*

Dear Ms. De Bruyn:

      This will formally acknowledge receipt of your email and letter to Live Nation Merchandise, LLC ("Live Nation") and Merch Traffic, LLC ("Merch Traffic"), in which you made certain claims and submitted a draft complaint alleging copyright infringement against Nirvana, L.L.C., Live Nation, Merch Traffic, and Silva Artist Management, L.L.C. in connection with the sale of Nirvana's "Seven Circles of Hell" merchandise. We respond on behalf of both Live Nation and Merch Traffic.

      For the reasons stated below, Live Nation and Merch Traffic cannot accept the demands made in your letter based on the evidence presently available to us. We say that for several reasons set forth below:

      First, we have found no evidence that your client actually owns the rights you claim have been infringed. We understand that your client is claiming ownership of certain illustrations that appeared in an English language translation of Dante's *Divine Comedy* first published in the United States in 1949, including the so-called "Seven Circles of Hell" design which Nirvana has sold on merchandise for more than 30 years. There is a copyright notice by translator Dorothy L. Sayers in the *Divine Comedy*, but no such notice for the illustrations within it by C.W. Scott-Giles, through whom your client claims ownership. Copyright Office records reveal no copyright registration by your client for the *Divine Comedy* or the illustrations within the *Divine Comedy* (or, for that matter, by translator Dorothy L. Sayers). Your letter provides no evidence to support your client's claim to ownership through Mr. Scott-Giles. Do you have any evidence supporting Mr. Scott-Giles's claim to copyright in those illustrations, and any chain-of-title evidence demonstrating your client's claimed copyright ownership of those illustrations from Mr. Scott-Giles? If you have any such evidence, please provide it. If not, it is difficult for us to take your client's claims seriously.

      Second, the lack of any original or renewal copyright registration for the *Divine Comedy,* despite its sales in the U.S. beginning in 1949, injected it and the illustrations within into the public domain in the U.S. by no later than 1977. Thus, even if you could prove evidence of ownership as described above, there would be nothing to own or claim a protectable copyright in and to unless, and only if, that copyright was restored pursuant to the Uruguay Rounds Agreement Act ("URAA"). 17 U.S.C. § 104A.

However, the Scott-Giles illustrations that you claim appeared in Dorothy L. Sayers' translation of the *Divine Comedy* in 1949 do not appear to be subject to the URAA. The URAA only applies to "restored works," which is defined in the text as "works not published in the U.S. within 30 days after its initial foreign publication." 17 U.S.C. § 104A(h)(6). Here, it appears that the U.S. publication of the *Divine Comedy* occurred within 30 days of its initial U.K. publication, and therefore is excluded from the URAA. Do you have any evidence that the U.S. and U.K. publications of the *Divine Comedy* were more than 30 days apart? Again, if you have any such evidence, please provide it. If not, it is difficult to take your claim seriously on this basis as well.

Third, statutory restrictions within the URAA appear to make a copyright infringement claim unavailable here. Nirvana qualifies as a "reliance party" under the URAA, since it began using the "Seven Circles of Hell" design when it was undisputedly in the public domain for copyright purposes in 1989, before the enactment of the URAA in 1994. 17 U.S.C. § 104A(h)(4). A copyright infringement action can only be commenced against a "reliance party" like Nirvana after a "Notice of Intent to Enforce" the copyright at issue ("NIE") has either been filed with the Copyright Office or served on the reliance party. A search of the Copyright Office database reveals that no such NIE has been filed by your client, and your earlier demand letter to Nirvana, if it even qualifies as an NIE, was only sent a month ago. After a statutorily compliant NIE is sent under the URAA, the copyright owner must wait 12 months to file suit, and can only recover for infringements occurring after that 12 month period. 17 U.S.C.A. § 104A(d)(2)(A). A URAA copyright owner who files suit for copyright infringement without complying with these provisions is precluded from recovery. *Hoepker v. Kruger*, 200 F. Supp. 2d 340 (S. D. N.Y. 2002) (dismissing URAA copyright infringement suit for failure to comply with the NIE and other provisions of the statute.)

We note that your letter attempts to differentiate between Nirvana and Live Nation/Merch Traffic for "reliance party" purposes. However, Live Nation and Merch Traffic only sold merchandise on behalf of reliance party Nirvana, and have a legal right to facilitate Nirvana's sales so long as Nirvana continuously engaged in such sales and has a right to sell the "Seven Circles of Hell" merchandise. See *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 130 (2d Cir. 2007) (successor seller could qualify as reliance party so long as it continued sales of the original reliance party).

Here, Nirvana has advised us that it wishes to stop selling the "Seven Circles of Hell" merchandise within 12 months of receipt of you first letter to it concerning this matter. That precludes liability for copyright infringement under the URAA. *Hoepker v. Kruger*, supra.

Lastly, we note that your recent email mentions the possibility of adding copyright infringement claims under the laws of foreign countries such as the United Kingdom and Germany. I suppose you could make such an attempt, but as thus far you have not presented us with the necessary facts, evidentiary support, or existing law to support a cognizable claim for copyright infringement under U.S. law, it seems unlikely that a U.S. court would accept jurisdiction over such a purely foreign copyright dispute. Courts in the Ninth Circuit and elsewhere have repeatedly declined to do so in analogous circumstances. See, e.g*., Subaflims Ltd. V. MGM-Pathe Communications Co.*, 24 F. 3d 1088 (9th Circuit 1994) (no recovery under American copyright law for infringements that do not occur within the United States); *X17, Inc. v. Hollywood, TV, Inc.*, 2008 WL 4527865 (C.D.Cal 2008) (court declines to exercise jurisdiction over claims of copyright infringement in the United Kingdom under English law); *ITSI T.V. Prods., Inc. v. California Authority of Racing Fairs,* 785 F.Supp. 854 (E.D.Cal.1992) (court found "no clear authority" to consider copyright claims under foreign law and stated that "American courts should

be reluctant to enter the bramble bush of ascertaining and applying foreign law without an urgent reason to do so[,]"); *Music Sales Ltd. v. Charles Dumont & Son, Inc.,* 2009 WL 3417446, at *5, (D.N.J. Oct. 19, 2009) (court declined to consider foreign copyright claim because it had "no power to vindicate violations of British law").

    If you have any additional evidentiary support for your claims, we are happy to consider it. However, based on what you have presented to date, we see no reason to accept your client's claims and decline them for the reasons stated above.

    Nothing in this letter should be construed as a waiver of any rights or remedies of Live Nation, Merch Traffic, or any affiliated individuals or entities, all of which are expressly reserved.

Sincerely,

*Eric Gelwicks*

Eric Gelwicks
Senior Counsel | Director, Business & Legal Affairs
Live Nation Merchandise, LLC / Merch Traffic, LLC