INGE DE BRUYN
inge.debruyn@modo-law.com
MODO LAW, P.C.
4218 Via Padova
Claremont, CA 91711
Phone: 323-983-2188
Fax: 323-693-0881

Attorney for Plaintiff, Jocelyn Bundy.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN SUSAN BUNDY, an individual,<br><br>Plaintiff.<br><br>vs.<br><br>NIRVANA L.L.C., a Washington Limited Liability Company; LIVE NATION MERCHANDISE, LLC, a Delaware Limited Liability Company; MERCH TRAFFIC LLC, a Delaware Limited Liability Company; SILVA ARTIST MANAGEMENT, LLC, a California Limited Liability Company,<br><br>Defendants. | Case No: 2:21-cv-03621<br><br>**NOTICE OF RELATED CASES**<br><br>**[Local Rule 83-1.3]**<br><br>*[To be related to cases 2:18-cv-10743-JAK-SK and 2:20-cv-10324-JAK-SK]* |

NOTICE OF RELATED CASES                                                                 - 1 -

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 83-1.3, Plaintiff Jocelyn Susan Bundy hereby gives notice of two related cases pending in this District:

- *Nirvana L.L.C. v. Marc Jacobs International, L.L.C et. al.*, 2:18-cv-10743-JAK-SK (C.D. Cal. Dec. 28, 2018) (the "*Marc Jacobs* action")
- *Nirvana L.L.C. v. Fisher*, No. 2:20-cv-10324-JAK-SK (C.D. Cal. Nov. 11, 2020) (the "*Fisher* action")

Local Rule 83-1.3 provides that "it shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges.

The present lawsuit concerns allegations by Plaintiff Jocelyn Bundy that Nirvana L.L.C. and its agents and licensees (the other defendants):

a) are infringing upon the copyright in her late grandfather's illustration entitled "Upper Hell" (the "Illustration") by producing, distributing, selling, promoting, and licensing on a worldwide scale a variety of Nirvana-branded merchandise products containing an image that is virtually identical to the Illustration; and

b) are making false claims of ownership regarding the Illustration by affixing copyright notices to both the Illustration and to products bearing the Illustration that falsely identify "Nirvana" as the copyright owner in violation of 17 U.S.C. § 1202.

Plaintiff became aware of Defendants' wrongful conduct because of statements made about the Upper Hell Illustration by Nirvana's members, agents, and counsel in both the *Marc Jacobs* and *Fisher* actions.

In both those cases Nirvana continues to advance the claim that Kurt Cobain "created" the t-shirt bearing the Upper Hell Illustration that is at issue *in this action* to support its allegations *in those actions* that Kurt Cobain also created the Happy Face illustration and t-shirt design that are at issue there.[1]

When confronted in the other actions with the fact that Kurt Cobain clearly did *not* create the Upper Hell Illustration (or t-shirt), Nirvana pivoted to the alternative position that the Upper Hell Illustration is in the public domain, and that it is therefore free to use it without consent or compensation.[2]

Ms. Jocelyn Bundy, Plaintiff in this action, is the legal owner of the copyright in the Upper Hell Illustration and disputes these allegations.

Although the present action concerns different intellectual property rights than the *Marc Jacobs* and *Fisher* actions, Plaintiff considers it prudent to file this Notice. Given the apparent nexus, patterns and similarities between the cases, the parties and the witnesses involved, Plaintiff believes that Judge Kronstadt, because of his familiarity with Nirvana's merchandising business and much of the factual background,[3] may wish to be involved in the present dispute as well.

---

[1] *See, e.g.,* ECF 99, p. 2:11-16; p. 3:13-15 ("the 'Happy Face' t-shirt is similar to another t-shirt Kurt Cobain had previously created called the 'Seven Circles of Hell' t-shirt."); ECF 100, Decl. Krist Novoselic, ¶¶4-5 and ECF 100, Decl. John Silva, ¶¶5-6 in the *Marc Jacobs* action; *see also* ECF 17, p. 19:10-12 in the *Fisher* action.

[2] *See* ECF 135, p. 1:25-2:7 in the *Marc Jacobs* action.

[3] As shown in ¶ 20 of the Complaint, there are several products that are being manufactured and sold by Defendants that depict both the Happy Face illustration *and* the Upper Hell illustration (*e.g.*, the coffee mug and the button set). Further, at least part of the discovery that was done in the *Marc Jacobs* case and the evidence that is being presented there and in the *Fisher* action, is also relevant to this action. The defendants in this action are also involved as witnesses in the *Marc Jacobs* action: John Silva, managing member of Silva Artist Management, LLC, was deposed as Nirvana's 30(6)(b) witness in that case and Bruce Fingeret submitted a sworn declaration as President of Live Nation Merchandise, LLC. Merch Traffic LLC is also a subsidiary of Live Nation Entertainment, Inc.

Having another judge become familiar with the issues, when Judge Kronstadt has already done so, will result in a substantial and expensive duplication of labor. As such, considerations of judicial economy and the swift administration of justice weigh in favor of relating them.

DATED: April 28, 2021                    Respectfully submitted,

                                         By:    /s/ Inge De Bruyn

                                                Inge DE BRUYN
                                                inge.debruyn@modo-law.com
                                                Attorney for Plaintiff,
                                                Jocelyn Susan BUNDY